UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:25-CR-119-KAC-DCP |
| | ) | |
| JASON ESTES, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on the Defendant Jason Estes's Motion to Continue Trial and Enlarge Relevant Deadlines [Doc. 17], filed on January 8, 2026.

Defendant asks the Court to continue the current trial date, which is set for February 10, 2026, and extend all other related deadlines [*Id*.]. In support of his motion, Defendant states that discovery in this matter consists of multiple terabytes of data that includes thousands of pages of detailed, financial information [*Id*. ¶ 1]. He submits that it will take his counsel a significant amount of time to review in detail [*Id*.]. Defendant states that he is aware of his right to a speedy trial and does not oppose a continuance his trial date and the relevant deadlines in this case [*Id*. ¶ 2]. The motion relates that the Government does not oppose a continuance [*Id*. ¶ 4].

Based upon the information contained in the motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that not granting a continuance would both

result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Counsel for Defendant needs time to review discovery, consult with his client, and otherwise prepare for trial. The Court finds that all of this cannot occur before the February 10, 2026 trial date.

The Court therefore **GRANTS** Defendant Jason Estes's Motion to Continue Trial and Enlarge Relevant Deadlines [**Doc. 17**]. The trial of this case is reset to **July 28, 2026**. A new schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial, all time between the filing of the initial motion on January 8, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Jason Estes's Motion to Continue Trial and Enlarge Relevant Deadlines [**Doc. 17**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **July 28, 2026, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **January 8, 2026**, and the new trial date of **July 28, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **June 26, 2026**;

(5) the deadline for filing motions *in limine* is **July 13, 2026**, and responses to motions *in limine* or due on or before **July 21, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **July 14, 2026, at 11:00 a.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **July 17, 2026**.

**IT IS SO ORDERED.**

ENTER:

_____
Debra C. Poplin
United States Magistrate Judge