UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:25-cr-119-KAC-DCP-1 |
| | ) | |
| JASON ESTES, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Jason Estes's Motion to Continue Trial and Enlarge Relevant Deadline [Doc. 21], which was filed on October 26, 2026.

Defendant Estes asks the Court to continue the trail and all relevant deadlines [*Id.*]. In support, Defendant states that due to the voluminous discovery, which "consists of multiple terabytes of data that includes thousands of pages of detailed, financial information[,]" additional time is needed to finish discovery and discuss the matter with the Government [*Id.* ¶ 1]. Defendant's counsel states Defendant is aware of and understands his speedy trial rights and does not oppose the continuance [*Id.* ¶ 2]. Defendant further states that he needs time to discuss the discovery with his counsel, and an extension will serve the ends of justice by allowing Defendant and counsel to prepare for trial [*Id.* ¶¶ 3–4]. Defendant's counsel asserts the Government does not object to the continuance [*Id.* ¶ 5].

Based upon the information in the motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making

this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary to finish reviewing discovery and continue ongoing conversations with the Government. *See id.* § 3161(h)(7)(B)(i), (iv). Defendant also needs additional time to discuss the case with his counsel and otherwise prepare the case for a trial. *See id.* The Court finds that all of this cannot occur before the December 8, 2026, trial date.

The Court therefore **GRANTS** Defendant's Motion to Continue Trial and Enlarge Relevant Deadline [**Doc. 21**]. The trial of this case is reset to **February 23, 2027**. A new trial schedule is included below. Because the Court finds that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all time between the filing of the motion on October 26, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D) & (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant's Motion to Continue Trial and Enlarge Relevant Deadline [**Doc. 21**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **February 23, 2027, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **October 26, 2026**, and the new trial date of **February 23, 2027,** is fully excludable under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **January 29, 2027**;

(5) the parties are to appear before the undersigned for a final pretrial conference on **February 9, 2027, at 11:00 a.m.**;

(6) the deadline for filing motions *in limine* is **February 8, 2027,** and responses to motions *in limine* are due on or before **February 16, 2027**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **February 12, 2027**.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge